Brookman *v.* Hamill.

---

### BROOKMAN and another *vs.* HAMILL and others.

### THE SAME *vs.* THE SAME.

An objection to the right of the plaintiff to maintain an action must be raised on the trial, if it be capable of being obviated; as where it is possible that new or additional evidence could be supplied, if a defect in the proof were pointed out.

But as an objection to the unconstitutionality of an act of the legislature cannot be obviated by any action of the plaintiff, the defendant is not bound to raise the objection, on the trial, that the statute under which the plaintiff sues is unconstitutional.

THE first of the above entitled actions was brought against the obligors on a bond, given pursuant to a statute of this State since declared unconstitutional.

In October, 1865, the plaintiffs and Henry F. Hamill (the latter being the owner of the steamship *King Philip*) made an agreement by which Hamill was to use certain wharves belonging to the plaintiffs for his vessels, for which

use he was to pay them half the usual wharfage rates. The *King Philip* occupied these wharves for three months, and then left. An attachment was issued against her, under the act of 1862, (*Laws of* 1862, *ch.* 482,) to relieve her from which the appellants gave their bond for $1100, conditioned to pay "the amount of any and all claims and demands which shall be established to be due to the plaintiffs," and "to have been subsisting liens on the vessel, pursuant to the provisions" of the act referred to. By another act passed in 1860, (*Laws of* 1860, *ch.* 205, § 2,) "the captain or owner of any vessel that shall leave a wharf without paying for the wharfage due thereon, and shall neglect to pay the same for twenty-four hours after demanded of the captain, owner or consignee, shall forfeit and pay to the owners of the wharf double the rates of wharfage hereby established, and the wharfage shall be a lien on the vessel." This action was brought on the bond to recover the wharfage due. The defendants set up and proved the contract, and offered to allow judgment for the amount fixed by the terms of the latter. The cause was tried before a justice of this court and a jury, and a verdict was rendered for the plaintiffs, under the charge, for double the rate agreed on by the parties, and interest for three days beyond what was claimed in the complaint. From the judgment entered on this verdict, the defendants appealed.

In the second action, it appeared that in October, 1865, the plaintiffs and Henry F. Hamill, (the latter being owner of the steamship *Pocahontas*) made an agreement by which Hamill was to use certain wharves, belonging to the plaintiffs, for his vessels, for which use he was to pay them half the usual wharfage rates. The *Pocahontas* occupied these wharves for three months, and then left. An attachment was issued against her, under the act of 1862, to relieve her from which the appellants gave their bond for $1100, with a condition similar to that of the bond in the other case.

Brookman *v.* Hamill.

This action was brought on the bond, to recover the wharfage due. The defendants set up and proved the contract, and offered to allow judgment for the amount fixed by the terms of the latter, but the court directed a verdict for double that amount, and added interest by way of penalty. From the judgment entered on this verdict, the defendants appealed.

*E. T. Gerry*, for the appellants.

*E. Terry*, for the respondents.

*By the Court*, CLERKE, P. J.  These cases come within the scope of the decision of the Court of Appeals mentioned in my opinion in *Ferran* v. *Hosford* (*ante, p.* 200,) heard also during this present term. The only point taken by the plaintiffs' counsel on the argument, not taken in *Ferran* v. *Hosford*, is, that the objection to the unconstitutionality of the act of 1862 was not taken on the trial.- This point undoubtedly would be tenable, if the objection, had it been raised on the trial, was capable of being obviated; as where it was possible that new or additional evidence could have been supplied. (*Rich* v. *Penfield*, 1 *Wend.* 380. *Lawrence* v. *Barker*, 5 *id.* 301.) But an objection to the unconstitutionality of an act of the legislature could not have been obviated by any action of the plaintiffs. No effort on their part could make a law constitutional which, at the time of the trial and at all times since its enactment, was unconstitutional; although the competent authority had not declared it to be unconstitutional, until some time afterwards.

The judgments should be reversed, with costs.

[NEW YORK GENERAL TERM, June 7, 1869. *Clerke, Cardozo* and *Geo. G. Barnard*, Justices.]